# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CAMERON SHAW,                          )
                                       )
        Plaintiff,              )
                                       )
vs.                                    )          CIVIL NO. 10-cv-144-MJR
                                       )
DONALD GAETZ, *et al.*,                )
                                       )
        Defendants.             )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff, an inmate currently confined at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that he has suffers from periodic seizures for which he prescribed the medications Dilantin and Tegretol.  In August 2007, when Plaintiff was transferred to Pinckneyville Correctional Center (PCC), Defendant Dr. Larson gave Plaintiff a "medical permission" slip authorizing a "low bunk" as a "medical item."  The permission slip had no expiration date.  The permission slip states that it "is considered authorization for the . . . inmate to be in possession of the . . . medical item for the noted period of time *only*."

Plaintiff alleges that on or about May 10, 2008, Plaintiff was placed in a cell with another inmate.  Liberally construing the complaint, it appears that the other inmate already occupied the "low bunk" in the cell, but did so only as a matter of personal preference because the other inmate did not possess a "medical permission" slip for the low bunk.  Consequently, Plaintiff was forced to utilize the upper bunk.  Plaintiff notified Defendants Leaher and Merchant that "he needed to be placed on a lower bunk to prevent any future injury or death" from his seizures.

As can be guessed, Plaintiff did fall from his upper bunk hitting his head on a heater vent and hitting his back on the concrete floor.  As a result of hitting his head, Plaintiff got a "swollen knot" on it.  Other inmates informed the guards of Plaintiff's fall and medical personnel were summoned to Plaintiff's cell.  Medical staff took Plaintiff's vital signs and monitored his blood pressure. Plaintiff answered questions asked by the medical personnel and appears to have been lucid throughout the event.  Plaintiff 's neck was placed in a cervical collar and Plaintiff was placed on a backboard and taken to the Health Care Unit.

At the Health Care Unit, Plaintiff was given an ice pack, pain medication, and placed on observation for 23 hours.  The next day, Plaintiff was examined by Defendant Dr. Obadina.  Plaintiff claims that Defendant Obadina "did not give [him] any medical treatment, no x-rays or MRI to see if any bones or nerve damage had occurred."

From the day he was released from the Health Care Unit until "to present," Plaintiff states that he submitted "multiple sick call request slips requesting medical attention for the injuries to his lower back and migraine headaches."  In response to his requests for treatment, Plaintiff was given "simple pain medication (motrin)."  Plaintiff, however, states that he "is still experiencing headaches and pain in his lower back that affects his daily activities."

In June 2008, Plaintiff states that he filed a grievance concerning the denial of a low bunk and the lack of medical care he received after he fell.  The grievance was denied, a decision that was upheld by both Defendants Merchant and Walker.

In July 2008, Defendant Obadina gave Plaintiff a new "medical permission" slip authorizing him for a "low bunk and low gallery."  *See* Exhibit 5A.

In February 2009, Defendant Obadina issued a "medical order" for Plaintiff to receive an x-

3

ray.  Plaintiff alleges that shortly thereafter Defendant Obadina issued an order for Plaintiff to receive a muscle relaxer.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **two** counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:**   against Defendants Leaher, Lt. John Doe, Placement Officer John Doe, Merchant, Walker and Gaetz for failing to assign Plaintiff to a lower bunk in violation of his Eighth Amendment rights.

> **COUNT 2:**   against Defendants Obadina, Larson, Merchant, and Walker for failing to provide adequate medical care for the injuries Plaintiff sustained when he fell from his bunk in violation of Plaintiff's Eighth Amendment rights.

## DISCUSSION

### A. Lower bunk assignment.

Plaintiff phrases Count 1 as claim for  "failing to protect" him from an obvious risk of serious harm.  In order to state a claim under the Eighth Amendment that the Defendants failed to adequately protect him from harm at the hands of corrections staff, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society."  *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive

4

inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.   The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124.  In this case, the relevant state of mind is deliberate indifference to inmate or safety.  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).   A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm.  *Jackson*, 955 F.2d at 22.

Applying these principles, the Court is unable to dismiss Count 1 against Defendants Leaher, Lt. John Doe, Placement Officer Doe, or Merchant at this time.

Count 1 against defendants Gaetz and Walker, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).   The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' "  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir.

5

1981).  Plaintiff's only allegation against Defendant Gaetz is that he is "in charge of all functions at Pinckneyville Correctional Center."  This allegation suggests that Plaintiff is attempting to hold Gaetz liable not for any action Gaetz took, but because he is the "man in charge."  But, liability under § 1983 does not attach to Gaetz solely because he is the "man in charge."  Therefore, Plaintiff's claim against Defendant Gaetz should be dismissed.

The only allegation concerning Defendant Walker is that Walker reviewed and denied a grievance filed by Plaintiff *after* Plaintiff from the top bunk.  As such, the complaint fails to indicate that Walker had *any* knowledge concerning Plaintiff's placement on a top bunk *before* Plaintiff fall.  Accordingly, Defendant Walker cannot be liable for failing to protect Plaintiff.

### B. Medical care after fall.

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate.  *Estelle*, 429 U.S. at 107.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)].  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough.  *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  Mere disagreement with a physician's

chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

The complaint indicates that medical personnel were summoned and rendered aid to Plaintiff shortly after he fell. Medical staff took Plaintiff's vital signs and monitored his blood pressure. Plaintiff 's neck was placed in a cervical collar and Plaintiff was placed on a backboard and taken to the Health Care Unit. At the Health Care Unit, Plaintiff was given an ice pack, pain medication, and placed on observation for 23 hours. The next day, Plaintiff was examined by Defendant Dr. Obadina. The complaint indicates that Dr. Obadina has continued to provide Plaintiff with follow-up care and treatment. Although Plaintiff claims that Defendant Obadina did not order x-rays or an MRI on the date of the fall, such disagreement over the course of treatment does not rise to the level of a constitutional violations. The Court notes that x-rays were subsequently ordered and there is no indication in the complaint that these later x-rays revealed any fracture. Moreover, Dr. Obadina has prescribed medication in an attempt to alleviate at least some of Plaintiff's pain. Therefore, Count 2 of the complaint should be dismissed.

Additionally, the Court notes that it appears Dr. Larson was never called upon to provide medical care after Plaintiff fell. The complaint merely alleges that Dr. Larson gave Plaintiff a "medical permission" slip for a lower bunk shortly after Plaintiff arrived at Pinckneyville Correctional Center. Accordingly, there is no basis for holding Larson liable for failing to provide medical care to Plaintiff *after* Plaintiff fell.

### DISPOSITION

**IT IS HEREBY ORDERED** that Count 2 of the complaint and Plaintiff's claims against Defendants Gaetz and Walker in Count 1 of the complaint are **DISMISSED** with prejudice pursuant

to § 1915A.   Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Merchant, Leaher, Larson, and Obadina**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Merchant, Leaher, Larson, and Obadina** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.   For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants - in this case, Lt. John Doe and Placement Officer John Doe - until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.   Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 20th day of August, 2010.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**